

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# Myysarosh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4502

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Myysarosh v. Atty Gen USA" (2006). *2006 Decisions.* Paper 198.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/198

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4502

IVAN MYYSAROSH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for review of a Decision
of the Board of Immigration Appeals
(BIA No. A78 685 907)
Immigration Judge: Charles M. Honeyman

Submitted under Third Circuit LAR 34.1(a)
November 9, 2006

BEFORE:  SLOVITER, CHAGARES, and GREENBERG, Circuit Judges

(Filed: November 16, 2006)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before the court on a petition for review of a decision of the

Board of Immigration Appeals entered September 9, 2005, dismissing an appeal from a

decision of an immigration judge.  Even though the petitioner Ivan Myysarosh, who had

unlawfully entered this county without inspection, initially sought relief by obtaining asylum or the withholding of removal as well as relief under the Convention Against Torture, ultimately his application evolved into an effort to obtain relief through an adjustment of his status in this country because the United States Department of Labor approved his Labor Certification. In seeking this relief he asked the BIA to remand his case to the IJ for further proceedings. The BIA rejected his remand application in its September 9, 2005 decision, pointing out that the decision on which Myysarosh relied, Matter of Velarde-Pacheco, 23 I & N Dec. 253 (BIA 2002), dealt with adjustment of status because of marriage and thus was inapplicable. Myysarosh then filed his petition for review. We exercise jurisdiction under 8 U.S.C. § 1252.

Subsequently, Myysarosh asked the BIA to reconsider its decision. In his motion Myysarosh argued that the IJ mistakenly denied a request for a continuance that he sought so that he could obtain an adjustment of status. In support of his argument, he predicated his application for an adjustment of status on "currently pending legislation in US Congress combined with the fact that [he] is a beneficiary of an approved Labor Certification application." App. at 9. In this regard he contended that "it is unfair and unjust, and also an abuse of discretion for this court to grant continuances to applicants with Labor Certification to 04/30/01, but to deny such relief for those Labor Certifications [that] are filed after 04/30/01 when I-140 is not approved in either case and only partial eligibility for eventual adjustment is shown." Id. The reference to I-140 is to

2

an immigrant visa petition.

Myysarosh's motion for reconsideration referenced April 30, 2001, for the following reason: INA § 245(i)(1), 8 U.S.C. § 1255(i)(1), authorizes some aliens who were ineligible to adjust their status in this country to pay a penalty for the convenience of adjusting their status without leaving the country. Section 245(i) originally had a sunset date of September 31, 1997, but Congress subsequently extended that date until April 30, 2001. See Pub. L. 106-554, 114 Stat. 2763, 2763A-324. Myysarosh does not claim that Congress has extended the date again and so far as we are aware it has not done so. Even though section 245(i) has expired, it remains viable as to "grandfather" applications for aliens who had labor certifications filed on their behalf on or before April 30, 2001. This grandfather treatment is subject to the application having been approvable when filed. See INA § 245(i)(1)(B)(ii), 8 U.S.C. § 1255(i)(1)(B)(ii); 8 C.F.R. § 1245.10(a)(1)(i)(B).

Myysarosh, however, faced an unsurmountable barrier to obtaining relief under INA § 245(i) because his labor certification was filed on June 23, 2003. His reference to "pending legislation" was to an attempt in Congress to extend the April 30, 2001 date. On November 3, 2005, the BIA understandably denied Myysarosh's motion to reconsider, pointing out that his "speculative future eligibility for adjustment of status failed to establish good cause for a continuance of his removal proceedings." App. at 2. Myysarosh has not filed a petition for review of that decision.

We are at a loss to understand the basis for a petition for review in this case. The

3

Attorney General correctly observes that Myysarosh simply is not eligible for relief because his labor certification was filed more than two years too late to satisfy the INA § 245(i) deadline. In these circumstances a continuance or a remand would be pointless and thus we certainly will not hold that the BIA erred in denying Myysarosh relief. While we recognize that Myysarosh hopes for a favorable statutory change, courts and administrative tribunals need not predicate their decisions on speculation about what unenacted statutes might provide. Accordingly, no matter what standard of review we apply here we are constrained to deny the petition for review.

The petition for review of the decision of the BIA of September 9, 2005, will be denied.